**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA, | ) | Civil Action No.  1:16-cv-00391-JMC |
| | ) | |
| Plaintiff; and | ) | |
| | ) | |
| SOUTHERN CAROLINA REGIONAL DEVELOPMENT ALLIANCE | ) | |
| | ) | |
| | ) | |
| Intervenor-Plaintiff | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES; | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF ENERGY; | ) | |
| | ) | |
| | ) | |
| DR. ERNEST MONIZ, in his official capacity as Secretary of Energy; | ) | |
| | ) | |
| NATIONAL NUCLEAR SECURITY ADMINISTRATION; and | ) | |
| | ) | |
| | ) | |
| LT. GENERAL FRANK G. KLOTZ, in his official capacity as Administrator of the National Nuclear Security Administration and Undersecretary for Nuclear Security; | ) | |
| Defendants. | | |

**SOUTHERN CAROLINA REGIONAL DEVELOPMENT ALLIANCE'S
MOTION TO INTERVENE AS PARTY PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 24(a), intervenor-Plaintiff applicant Southern Carolina Regional Development Alliance ("Southern Carolina Alliance") respectfully moves this Court for leave to intervene as of right in the above-captioned action.  Alternatively, Southern Carolina Alliance moves for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).

Prior to filing this motion, the undersigned consulted counsel for State of South Carolina and was informed that State of South Carolina objects to Southern Carolina Alliance's intervention.   Defendants have not appeared in this action.

## INTERVENTION STANDARD

Federal Rule of Civil Procedure 24 provides for two types of intervention. "Intervention of Right" requires the court to permit anyone to intervene upon timely motion who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2). To intervene as of right, a movant must show: (1) timely application; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by the existing parties to the litigation. *Houston Gen. Ins. Co. v. Moore,* 193 F.3d 838, 839 (4th Cir. 1999).

"Permissive Intervention," on the other hand, allows the court, in its discretion, to permit anyone to intervene upon timely motion who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).   In exercising discretion under Federal Rule of Civil Procedure 24(b), "the court shall consider whether the intervention will unduly delay or prejudice the application of the rights of the original parties." Fed. R. Civ. P. 24(b)(3).

## BACKGROUND

Southern Carolina Alliance seeks to intervene in the above-captioned lawsuit to challenge Defendants' actions and inactions to indefinitely suspend construction of the mixed oxide fuel

fabrication project (MOX Facility) at the Savannah River Site ("SRS") without complying with the statutory requirements to remove defense plutonium from SRS or make economic and impact assistance payments, in contravention of 50 U.S.C. §§ 2566.  *See* Attachment A (Complaint of Southern Carolina Alliance).  These statutory obligations are intended to prevent a buildup of defense plutonium and defense plutonium materials at SRS, provide the economic benefit of the MOX Facility to the community, and ensure economic and impact assistance is provided if the MOX Facility is not constructed within statutory deadlines.  Southern Carolina Alliance seeks, among other requested relief, an Order compelling Defendants to make the impact assistance payments mandated by 50 U.S.C. § 2566 until either (a) Defendants have achieved the MOX production objective or (b) Defendants remove one metric ton of defense plutonium or defense plutonium materials from SRS

Southern Carolina Alliance is a non-profit entity which serves as the Lead Organization for the South Carolina Promise Zone, an area designated by the federal government on April 28, 2015 as a high-poverty community where the federal government will partner with and invest in communities to create jobs, leverage private investment, increase economic activity, expand educational opportunities, and reduce violent crime.  The South Carolina Promise Zone is home to 90,0000 residents, approximately 28.12% of whom live in poverty, and whose Median Income is approximately 45% less than the United States' Median Household Income.  The South Carolina Promise Zone includes Barnwell County and Allendale County, in which the majority of land comprising SRS is located.

Southern Carolina Alliance, one of six economic development alliances in the State of South Carolina, represents the most rural economic development region of the state, including Barnwell County and Allendale County.  Southern Carolina Alliance owns and operates several

multi-county industrial parks encompassing over 2,000 acres of industrial property for development and including areas in proximity to SRS, including ownership of the 600-acre South Carolina Advanced Technology Park directly adjacent to SRS. Individuals and landowners within the immediate vicinity of SRS are intended to be protected by the suspension provisions of 50 U.S.C. §§ 2566 that prevent the buildup of defense plutonium at the SRS. Southern Carolina Alliance as adjacent landowner and federally designated Lead Organization of the South Carolina Promise Zone, therefore has concrete interests that are currently impaired and uniquely and directly adversely impacted by the Defendants' noncompliance with federal law.

See Attachment A at ¶ 6; *id.* at Exhibits 1 & 2.

## ARGUMENT

### I.    SOUTHERN CAROLINA ALLIANCE IS ENTITLED TO INTERVENE AS OF RIGHT.

To intervene as of right, a movant must show: (1) timely application; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by the existing parties to the litigation.

With regard to timeliness, Southern Carolina Alliance files this motion to intervene shortly after the initiation of the lawsuit on February 9, 2016. Therefore, this motion is timely.

With regard to the interest in the subject matter of this litigation, Southern Carolina Alliance has concrete interests at stake in this litigation. As an adjacent landowner to SRS, Southern Carolina Alliance is within the zone of interests that the plutonium disposition provisions of 50 U.S.C. § 2566 were intended to protect. Further, as the federally designated Lead Organization for the South Carolina Promise Zone, which includes portions of SRS,

Southern Carolina Alliance has a concrete interest in the economic benefits of the MOX Facility and the economic and impact assistance payments mandated by 50 U.S.C. § 2566 if the MOX Facility is not built.  *See* Exhibit A at ¶¶ 6, 11-28.

With regard to the impairment-of-interest requirement, Defendants' non-compliance with federal statute has caused and continues to cause concrete injury to Southern Carolina Alliance for which there is no other remedy except through this Court.  If Defendants prevail in this action, Southern Carolina Alliance will be left without redress for this injury.

Finally, the existing party-Plaintiff, the State of South Carolina, cannot be said to have the same ultimate objective or the identical interests as Southern Carolina Alliance, and cannot be said to adequately represent Southern Carolina Alliance's interests.  *See, e.g., Fund for Animals v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003) ("[W]e have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors."). Intervention is particularly appropriate here since potentially alternative forms of relief are sought and Plaintiff's and Southern Carolina Alliance's interests and priorities regarding those alternatives are not necessarily aligned.  Southern Carolina Alliance has been directly and uniquely impacted by Defendants' actions and inactions that are the subject of this lawsuit. Southern Carolina Alliance's interests in this litigation are necessarily more localized and focused than the State of South Carolina, based on the smaller geographical region served by Southern Carolina Alliance as an economic development entity and as the Lead Organization for the South Carolina Promise Zone.  Further, Southern Carolina Alliance alleges, and seeks a Court order finding that, it is an intended and appropriate beneficiary of the economic and impact assistance payments required by 50 U.S.C. § 2566 and an award of an equitable portion of any such economic and impact assistance payments.  Particularly where, as here, the lawsuit seeks

the potentially alternative relief of an injunction that is by its nature fashioned in the Court's discretion and tailored in scope to address the alleged violation, Southern Carolina Alliance is not adequately represented by the existing parties.

## II.     SOUTHERN CAROLINA ALLIANCE SATISFIES THE STANDARD FOR PERMISSIVE INTERVENTION.

Alternatively, Southern Carolina Alliance meets the standard for permissive intervention. The Complaint sought to be filed by Southern Carolina Alliance shares substantially the same factual background as the complaint filed by the State of South Carolina, and deals with interpretation of the same federal plutonium disposition statutes, most notably 50 U.S.C. § 2566. Furthermore, as this Motion is filed shortly after the inception of the underlying lawsuit, prior to any scheduling order or significant litigation milestone, intervention by Southern Carolina Alliance will not cause undue delay or prejudice any party.

## CONCLUSION

For the reasons set forth above, Southern Carolina Alliance respectfully requests that the Court grant it Intervention of Right, or, in the alternative, Permissive Intervention.  Southern Carolina Alliance has attached its Complaint-in-Intervention with this motion to intervene.


HAYNSWORTH SINKLER BOYD, P.A.


By:     s/S. Ross Shealy
        Robert Y. Knowlton (DSC No. 2380)
        S. Ross Shealy (DSC No. 10733)
1201 Main Street, Suite 2200 (29201)
Post Office Box 11889
Columbia, South Carolina  29211
(803) 799-3080
*Attorneys for Southern Carolina Regional Development Alliance*

March 31, 2016

6