# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| STATE OF SOUTH CAROLINA,<br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES;<br><br>UNITED STATES DEPARTMENT OF ENERGY;<br><br>DR. ERNEST MONIZ,<br>in his official capacity as Secretary of Energy;<br><br>NATIONAL NUCLEAR SECURITY ADMINISTRATION; and<br><br>LT. GENERAL FRANK G. KLOTZ,<br>in his official capacity as Administrator of the National Nuclear Security Administration and Undersecretary for Nuclear Security.<br><br>          Defendants. | Case No. 1:16-cv-00391-JMC |

## MOTION TO STAY PROCEEDINGS
## ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**INTRODUCTION**

On April 6, 2016, five days before the original due date for defendants' response to the Complaint, South Carolina filed a Motion for Summary Judgment on two of the claims in its Complaint. Defendants have now filed a Motion to Dismiss, which argues that all of South Carolina's claims—including the two on which it moved for summary judgment—should be rejected on jurisdictional or other legal grounds. The Court should resolve defendants' preliminary objections before rushing into the potentially thorny and fact-bound issues that may arise on summary judgment. A decision on the Motion to Dismiss may moot the Motion for Summary Judgment, or, at the very least, focus and narrow the issues. In the interests of efficiency and economy, both for the Court and for the parties, the Court should not accept plaintiff's invitation to rush to judgment.

South Carolina's Complaint seeks four separate kinds of relief. First, it asks for an injunction requiring the immediate removal of one metric ton of defense plutonium or defense plutonium materials ("defense plutonium") from the Savannah River Site ("SRS"). *See* Compl. at 31-32 ¶ B. Second, it seeks an order enjoining defendants from transferring defense plutonium to the SRS. *Id.* Third, it seeks an award of $100 million. *Id.* at 32 ¶ C. Fourth, it asks this Court to supervise defendants' future compliance with 50 U.S.C. § 2566 over the next five years. *Id.* at 32 ¶¶ D, E.

As the Motion to Dismiss argues, however, none of these claims can be pursued in this Court. The Court lacks jurisdiction over the latter three challenges, and South Carolina does not have a cause of action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, to pursue the first challenge. The Court's decision on the Motion to Dismiss may thus obviate the need to wade into a number of merits issues that will need to be resolved on summary

judgment. At the very least, resolving defendants' legal objections will narrow those issues that need to be litigated further. And South Carolina has identified no compelling reason to short-circuit the normal course of litigation and proceed directly to the merits. The state has only indicated time pressure with respect to one claim—its request to suspend further shipments of defense plutonium to SRS—that is not at issue in its Motion for Summary Judgment.

Pursuant to Local Rule 6.01, counsel has consulted with counsel for the plaintiff, and counsel has indicated that the plaintiff opposes defendants' request.

## BACKGROUND

On February 9, 2016, the State of South Carolina filed the present lawsuit against the Department and NNSA. On April 6, 2016, the Court granted defendants' motion to extend the deadline for responding to the Complaint until April 25, 2016. ECF No. 8. Later that same day, *i.e.*, April 6, 2016, six days before the original date for defendants' response to the Complaint, plaintiff filed its Motion for Summary Judgment. ECF No. 10.

In order to finalize their Motion to Dismiss, defendants requested an extension of time to respond to plaintiff's Motion for Summary Judgment. ECF No. 14. The Court granted that extension on April 21, 2016, setting May 25, 2016 as the new deadline for defendants' response. ECF No. 16. On April 25, defendants filed their Motion to Dismiss, which argues that all of South Carolina's claims should be dismissed on legal grounds. ECF No. 17.

## ARGUMENT

This Court has inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Derosa v. J. P. Walsh & J. L. Marmo Enters.*, 541 Fed. App'x 250, 252 (4th Cir. 2013). Because of the fundamental legal and jurisdictional issues raised in defendants'

Motion to Dismiss, concerns for judicial economy and litigation efficiency make it appropriate for the Court to resolve defendants' Motion to Dismiss before proceeding to summary judgment. Defendants' Motion to Dismiss raises threshold questions concerning whether the Court has jurisdiction to hear certain claims, and whether plaintiff has a cause of action to assert others. These questions should be resolved before any proceedings on the merits. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998). Indeed, the Supreme Court "has stated in no uncertain terms that federal courts are not free to simply assume that they possess subject-matter jurisdiction and then proceed to decide the merits of the issues before them when their jurisdiction remains in doubt." *Stop Reckless Econ. Instability Caused by Democrats v. FEC*, 814 F.3d 221 (4th Cir. 2016) (citing *Steel Co.*, 523 U.S. at 94).

Because a favorable decision on defendant's Motion to Dismiss would put an end to this litigation, it would be a waste of the Court's and the parties' resources to require that plaintiff's Motion for Summary Judgment be briefed concurrently with the Motion to Dismiss, which may require defendants to develop certain factual issues, explore merits-stage legal defenses, prepare declarations, and draft opposition papers. For this and similar reasons, courts within this Circuit routinely defer consideration of motions for summary judgment while dispositive motions to dismiss remain pending. *See, e.g.*, Order, *Everette v. White*, No. 4:14-cv-34-FL, Dkt. No. 71, at 4 (E.D.N.C. July 22, 2014) ("[T]he court stays progress of the case including discovery pending decision on defendants' motions to dismiss."); *McGee v. Cole*, 993 F. Supp. 2d 639, 643 (S.D.W.Va. 2014) (citing Order, *McGee v. Cole*, No. 3:13-cv-24068, Jan. 17, 2014 Dkt. No. 43) (describing earlier grant of defendants' motion "to stay briefing on Plaintiffs' motion for summary judgment until resolution of the motions to dismiss"); *Abdul-Mateen v. Phipps*, No. 7:11-cv-51, 2012 WL 601430, at *1 n.1 (W.D.Va. Feb. 23, 2012) ("The court granted Nurse

4

Phipps' motion to stay her obligation to respond to Abdul–Mateen's motion for summary judgment, pending the court's decision on her motion to dismiss."); *Saylors v. Hartford*, 2011 WL 3704010, at *1, *3 (D.S.C. Aug. 23, 2011) (considering only Motion to Dismiss, filed alongside a motion to stay the plaintiff's Motion for Summary Judgment, and denying plaintiff's Motion for Summary Judgment without prejudice).

    Courts in other circuits have taken a similar approach. *See, e.g.*, *Pub. Citizen, Inc. v. Bomer*, 274 F.3d 212, 216 n.3 (5th Cir. 2001) (noting that district court stayed defendant's summary judgment response pending ruling on motion to dismiss); *Hucul Advertising LLC v. Grand Rapids Charter Twp.*, No. 11-376, 2012 WL 381715, at *2 (W.D. Mich. Feb. 6, 2012) ("[T]he Court concludes that it must hold the cross-motions for summary judgment in abeyance and require Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction."); *Hill v. Chalanor*, No. 9:06-cv-438, 2008 WL 907363, *1 n.1 (N.D.N.Y. Mar. 31, 2008) ("[S]uch a decision makes sense because, if the Court were to grant Defendants' renewed motion to dismiss, [it] would moot Plaintiff's renewed motion for summary judgment."); *Ramirez v. Meli*, No. 04-C-0786-C, 2005 WL 984365, *1 (W.D. Wis. Apr. 27, 2005) ("[U]ntil this court determines whether the claims raised in plaintiff's motion for partial summary judgment will survive defendants' motion to dismiss, it is reasonable to stay briefing on the motion."); *Hamrick v. Farmers Alliance Mut. Ins. Co.*, No. 03-4202-JAR, 2004 WL 723649, *1 (D. Kan. March 11, 2004) ("[I]t is in the interest of judicial economy to defer briefing and determination of plaintiff's summary judgment motion until such time as the Court determines the jurisdictional issue raised in the motions to dismiss."); *Lee v. Walmart, Inc.*, 237 F. Supp. 2d 577, 578 (E.D. Pa. 2002) ("After reviewing the parties' submissions, this court finds itself uncertain whether it has subject-matter jurisdiction. The summary judgment motion will

not be ruled on until the question of jurisdiction has been resolved."); *Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747, 749 n.2 (D.D.C. 1986) (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction and justiciability").

Plaintiff's attempt to litigate summary judgment alongside the Motion to Dismiss would skew the course of this litigation in inappropriate ways. Rather than having the Court rule on their Motion to Dismiss, which may dispose of the litigation or at a minimum narrow the issues to be resolved, defendants would be forced to decide, at present, whether they are able to respond to plaintiffs' Motion for Summary Judgment or whether additional facts need to be elicited to respond to that motion. *See* Fed. R. Civ. P. 56(d). In fact, the Advisory Committee notes for Rule 56 actually encourage courts to issue orders that will prevent the premature briefing of summary judgment motions filed at the commencement of a case:

> Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had. Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case.

Fed. R. Civ. P. 56 advisory committee's note (2010 amendments).

If any of South Carolina's claims survive the Motion to Dismiss, their adjudication at summary judgment may require the parties to develop a number of merits issues. As to the money claim, South Carolina's own Complaint demonstrates the additional legal and factual complexity that may arise on the merits. The statute provides that payment only occur "subject to appropriations." 50 U.S.C. § 2566(d)(1). The Complaint devotes a full ten paragraphs to exploring defendants' appropriations history, budgetary authorities, and other matters of fiscal law. *See* Compl. ¶¶ 101-110; *see also* Mot. S.J. Mem. at 28-31 (same). On the merits, the parties would have to resolve the nature of any statutory duty, the facts surrounding defendants'

appropriations and budget authorities, and the legal import of those facts. It would be a waste of resources for the parties and the Court to develop all of those issues to respond to a claim that this Court has no jurisdiction to adjudicate in the first place. *See* Mot. to Dismiss at 23-27 (arguing that the Court of Federal Claims has exclusive jurisdiction over claims for monetary damages).

Similarly, South Carolina's other summary judgment claim—for an injunction compelling the removal of one ton of defense plutonium, *see* Mot. S.J. Mem. at 25, ECF. 10-1—may involve a number of complicated questions on the merits. Moving defense plutonium is a complex process with many moving parts, both legal and practical. The statute itself requires that any removal of defense plutonium occur "consistent with the National Environmental Policy Act of 1969 and other applicable laws." 50 U.S.C. § 2566(c). If this challenge were to survive the Motion to Dismiss, the parties would have to explore at least two difficult factual questions. First, they would have to address the technical and legal feasibility of the injunction that South Carolina seeks. *See, e.g.*, *Lord & Taylor, LLC v. White Flint, L.P.*, 780 F.3d 211, 217 (4th Cir. 2015) (explaining that, in deciding whether to grant equitable relief, a district court must "assess the practical difficulties of enforcement of an injunction" and make a "feasibility determination"); *Trantham v. Henry Cty. Sheriff's Office*, 2011 WL 863498, at *6 (W.D.Va. Mar. 10, 2011) ("An injunction is an equitable remedy, which must be feasible in order to be granted."). Second, the parties would have to address the import of the removal process that is *already underway*. As defendants explained in their Motion to Dismiss, defendants have already decided to move six metric tons of defense plutonium from the SRS to the Waste Isolation Pilot

Plant near Carlsbad, New Mexico. *See* Mot. to Dismiss at 5 & n.9, ECF No. 17.[1] If South Carolina's claim survived the Motion to Dismiss, this preexisting removal effort may impact both the question of whether defendants are complying with 50 U.S.C. § 2566, and if not, what relief the Court can order. There is no reason to dive into those questions on a claim for which South Carolina does not even have a cause of action under the APA. *See* Mot. to Dismiss at 15-23.

As this discussion illustrates, it is not true, as plaintiff claims, that "[t]his is a simple and straightforward case." Pl. Opp. at 3, 4, ECF No. 15. There are a number of unique issues that would arise on the merits. The parties and the Court need not expend resources exploring and briefing those issues for claims that do not belong in this Court in the first place. South Carolina acknowledges that "in a typical case summary judgment is not necessarily appropriate before the conclusion of discovery." *Id.* at 3. Because of the many difficult merits issues that would arise if any claim reaches summary judgment, this Court should adopt the normal course of litigation: resolving preliminary jurisdictional and legal objections raised by the Motion to Dismiss before moving to summary judgment.

South Carolina has identified no particular need for urgency on its Motion for Summary Judgment. In its response to defendants' recent Motion for Extension, plaintiff asserts the need for haste several times, *see* Pl. Opp. at 1-2, 6, ECF. No. 15, but no reason that it proffers justifies the rushed merits adjudication it seeks. First, South Carolina argues for urgency based on the fact that "since this case was filed, . . . Defendants have sought to eliminate the MOX Facility

---

[1] That effort demonstrates the many difficulties involved in moving defense plutonium within the United States. Two events at the Waste Isolation Pilot Plant—a salt truck fire and an underground radiological event—have delayed any transfers of plutonium to that site. *See Surplus Plutonium Disposition Record of Decision*, 81 Fed. Reg. 19588, Apr. 5, 2016. This is one of many technical issues the parties and the Court would have to address on the merits, before an order requiring removal would be appropriate.

and program." *Id.* at 2. Whether or not that is true (a question on which defendants take no position), it is irrelevant to this lawsuit, because that purported decision is not at issue in this lawsuit. Second, South Carolina vaguely asserts that defendants are "arranging to import more plutonium to the Savannah River Site." Pl. Opp. at 2, 6, ECF No. 15. But South Carolina has not moved for summary judgment on its claim to suspend further transfers of defense plutonium for processing at the MOX facility.[2] So even if its contention were valid—and, as the Motion to Dismiss explains, it is not, *see* Mot. to Dismiss at 27-29, ECF No. 17—it is unclear how the premature adjudication of South Carolina's Motion for Summary Judgment would remediate its purported concerns.

---

[2] The Argument section of South Carolina's Memorandum of Law in Support of Its Motion for Summary Judgment discusses only two claims: the claim seeking an injunction to remove one ton of plutonium, and the claim seeking payment of economic and impact assistance. *See* Mot. S.J. Mem. at 24, ECF No. 10-1 ("As described below, the Secretary and DOE are willfully disregarding their statutory obligations under Section 2566(c) and (d)."); *id.* at 25-26 (injunction claim); *id.* at 26-31 (money claim). In the Conclusion, however, the Memorandum requests relief on all of South Carolina's claims—including its request for an injunction against further transfers, and its request that the court retain jurisdiction to supervise future compliance with the statute. *See id.* at 32. That bare mention of the additional claims is not enough to place them before this Court for summary judgment. South Carolina provided no factual or legal support—not even one sentence of explanation—for any claim beyond its claims for removal and monetary payment. "[W]here the parties fail to support their claims with contentions and citations to the record, such failure precludes th[e] court from considering those claims." *United States v. Holmes*, 376 Fed. App'x 346, 349 (4th Cir. 2010). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (explaining that, on summary judgment, "a complete failure of proof concerning an essential element . . . renders all other facts immaterial"); *Bender v. Beach Realty North Carolina, Inc.*, 2007 WL 2873612, at *7 (E.D.N.C. Sept. 26, 2007) ("As the movant, it is Beach Realty's burden to establish that summary judgment is appropriate. Having failed to cite to any specific facts in support of its argument, the court finds that summary judgment is not warranted as to this claim."); *cf. 11126 Baltimore Blvd., Inc. v. Prince George's Cty.*, 58 F.3d 988, 993 n.7 (4th Cir. 1995) (deeming as abandoned a claim that a party "elected not to assert any reasons for, or arguments supporting").

## CONCLUSION

For the reasons stated above, defendants respectfully request that the Court stay all proceedings on plaintiffs' Motion for Summary Judgment until after the Court has ruled on defendants' Motion to Dismiss.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

ERIC WOMACK
Assistant Director
Federal Programs Branch

WILLIAM N. NETTLES
United States Attorney

By: /s/ *Barbara M. Bowens*
BARBARA M. BOWENS (#4004)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone: (803) 929-3000

RAPHAEL O. GOMEZ
(D.C. Bar #305540)
Senior Trial Counsel
U.S. Department of Justice, Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-1318
Facsimile: (202) 616-8460
raphael.gomez@usdoj.gov

May 2, 2016                                                *Attorneys for Defendants*