IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| STATE OF SOUTH CAROLINA,<br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES;<br><br>UNITED STATES DEPARTMENT OF<br>        ENERGY;<br><br>DR. ERNEST MONIZ,<br>in his official capacity as Secretary of Energy;<br><br>NATIONAL NUCLEAR SECURITY ADMINISTRATION; and<br><br>LT. GENERAL FRANK G. KLOTZ,<br>in his official capacity as Administrator of the National Nuclear Security Administration and Undersecretary for Nuclear Security.<br><br>        Defendants. | Case No. 1:16-cv-00391-JMC |

**DEFENDANTS' OPPOSITION TO PUTATIVE**
**INTERVENOR'S MOTION TO INTERVENE**

**INTRODUCTION**

Putative intervenor, Southern Carolina Regional Development Alliance ("Southern Carolina Alliance"), seeks to intervene to challenge defendants' alleged "actions and inactions to indefinitely suspend construction of the mixed oxide fuel fabrication project ("MOX Facility") at the Savannah River Site ("SRS") without complying with the statutory requirements to remove defense plutonium from SRS or make economic and impact assistance payments." Int. Mot. at 2-3. Southern Carolina Alliance seeks relief similar to that raised by plaintiff, *i.e*., the payment

1

of economic and impact assistance payments by defendants pursuant to 50 U.S.C. § 2566. *See* Int. Compl. at 7-9. Intervenor also seeks an equitable portion of any economic and impact assistance payments. *See* Int. Mot. at 9.

Southern Carolina Alliance lacks a right to intervene under Rule 24(a), and it should not be permitted to intervene under Rule 24(b). The statute which plaintiff seeks to enforce, 50 U.S.C. § 2566, does not reference Southern Carolina Alliance, any other landowner near SRS, or any other party at all. The statute therefore does not create any right, monetary or otherwise, to which putative intervenor can claim an interest. In addition, Southern Carolina Alliance makes no showing that to the extent an interest might exist, such interest is not adequately represented by the State of South Carolina. Furthermore, to the extent Southern Carolina Alliance seeks an equitable portion of an economic and assistance payment, if any, obtained by plaintiff, it may pursue that claim in a separate lawsuit against the State. Accordingly, defendants respectively oppose intervention.

## BACKGROUND

On February 9, 2016, the State of South Carolina filed the present lawsuit against the Department of Energy ("Department") and National Nuclear Safety Administration ("NNSA"). On March 31, 2016, putative intervenor filed its motion to intervene. ECF No. 6. On April 18, 2016, the Court granted defendants' motion to extend the deadline for responding to putative intervenor's motion to intervene, providing that defendants' response is due May 2, 2016. ECF No. 13.

**ARGUMENT**

Federal Rules of Civil Procedure 24(a) and (b) provide for intervention as of right and for permissive intervention, respectively. Southern Carolina Alliance is not entitled to intervention under either section.

**A.      Putative Intervenor Has Not Demonstrated It May Intervene as of Right**

Rule 24(a) states "[o]n a timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In order to intervene as a matter of right, a movant must satisfy four criteria: "(1) timeliness, (2) interest, (3) impairment of ability to protect the interest, and (4) inadequate representation." *Titan Atlas Mfg. Inc. v. Sisk*, Nos. 1:11-cv-00012 (Lead), 1:11-cv-00068, 2014 WL 837247, at *2 (W.D. Va. Mar. 4, 2014) (relying on *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999)). Here, putative intervenor has not demonstrated that it satisfies all four criteria.

Putative intervenor has not shown a legally protectable interest that is the subject of the action. "A mere assertion of interest is insufficient." *Talbot 2002 Underwriting Capital Ltd v. Old White Charities, Inc*., No. 5:15-cv-12542, 2015 WL 6680892, at *2 (S.D. W. Va. Oct. 30, 2015) (citing *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991)). Rather, "the movant must show a 'significantly *protectable* interest' in the litigation." *Titan Atlas Mfg. Inc*. 2014 WL 837247, at *3 (emphasis added) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). Southern Carolina Alliance has no legally protectable interest to assert in this litigation. It seeks two kinds of relief in its proposed complaint: the payment by defendants of economic and impact assistance, and the equitable distribution of that assistance between it and South Carolina.

*See* Int. Compl. at 8-9. But even assuming that the State of South Carolina is entitled to the assistance payment, the statute makes no mention of any other party or of equitable apportionment. Thus, Southern Carolina Alliance seeks alternately to enforce a right that belongs to South Carolina if anyone (assistance payment), and to enforce a right that does not exist (equitable distribution). Without any defined role in the statutory scheme, Southern Carolina Alliance lacks a "protectable interest." *See, e.g.*, *State of Texas v. U.S. Dep't of Energy*, 754 F.2d 550, 551 (5th Cir. 1985).

Moreover, the putative intervenor has not demonstrated that its ability to protect its interest, if any, would be impaired if intervention is denied. To the extent Southern Carolina Alliance seeks a remedy actually connected to the statute—payment of economic and impact assistance by defendants—it is seeking the same relief as the State of South Carolina. *See* Pl. Opp. Int. at 6-8. The Fourth Circuit has stated "[w]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Commonwealth of Virginia v. Westinghouse Elec. Corp.*, 542 F. 2d 214, 216 (4th Cir. 1976). If there is a further interest in the apportionment of that payment, if any, Southern Carolina Alliance can seek to enforce such purported interest in a later suit.

Accordingly, the putative intervenor fails to meet the standard for intervention under Rule 24(a).

**B.     Putative Intervenor Has Not Met the Standard for Permissive Intervention**

Southern Carolina Alliance similarly fails to meet the standard for permissive intervention under Rule 24(b). Rule 24(b)(1) provides for intervention by permission, stating in relevant part that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R.

4

Civ. P. 24(b). As demonstrated above, the putative intervenor is unable to demonstrate that it has any role in the statutory scheme or that it has any legally protectable interest that would provide a basis for a claim. Rather, it appears that the objective of the putative intervenor is to have this Court award it an apportioned share of any economic and assistance payments that may be ordered. *See* Int. Mot. at 9. But Southern Carolina Alliance has no "claim or defense" at all, Fed. R. Civ. P. 24(b), much less one that shares a common question of law or fact with South Carolina's claims. To the extent it seeks a payment from South Carolina of a portion of any assistance payment it receives, that claim does not depend on the prior question of whether *South Carolina* has a right to that payment.

Furthermore, allowing Southern Carolina Alliance to intervene might vastly increase the complexity of this litigation. Its basis for intervention is that it owns land near SRS. *See* Int. Mot. at 3-4; Int. Compl. Ex. A. But that is true of countless other private landowners and municipal governments. If Southern Carolina Alliance can intervene to claim a share of the assistance payment, so can every other nearby landowner. Its other claimed basis for intervention—based on delays to "the realization of the economic benefits of the MOX Facility" to the communities it serves, Int. Compl. ¶ 33—goes even further. If every private party that might be economically affected by the MOX project can claim a portion of any economic assistance payment awarded to South Carolina, countless business owners and other private parties could similarly intervene. This is a dispute between South Carolina and the Federal Government. The Court should not permit a third party to vastly expand the potential scope of this litigation.

Southern Carolina Alliance thus fails to meet the standards for permissive intervention under Rule 24(b).

**CONCLUSION**

This Court should deny the putative intervenors' motion to intervene.

        Respectfully submitted,

        BENJAMIN C. MIZER
        Principal Deputy Assistant Attorney General
        Civil Division

        ERIC WOMACK
        Assistant Director
        Federal Programs Branch

        WILLIAM N. NETTLES
        United States Attorney

By:   */s/ Barbara M. Bowens*
        BARBARA M. BOWENS (#4004)
        Assistant United States Attorney
        1441 Main Street, Suite 500
        Columbia, South Carolina 29201
        Telephone: (803) 929-3000

        RAPHAEL O. GOMEZ
        (D.C. Bar #305540)
        Senior Trial Counsel
        U.S. Department of Justice, Civil Division
        Federal Programs Branch
        P.O. Box 883
        Washington, D.C. 20044
        Telephone: (202) 514-1318
        Facsimile: (202) 616-8460
        raphael.gomez@usdoj.gov

May 2, 2016        *Attorneys for Defendants*