# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| STATE OF SOUTH CAROLINA, ) <br> ) <br> Plaintiff; and ) <br> ) <br> SOUTHERN CAROLINA REGIONAL ) <br> DEVELOPMENT ALLIANCE ) <br> ) <br> Intervenor-Plaintiff ) <br> v. ) <br> ) <br> UNITED STATES; ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> ENERGY; ) <br> ) <br> DR. ERNEST MONIZ, in his official capacity ) <br> as Secretary of Energy; ) <br> ) <br> NATIONAL NUCLEAR SECURITY ) <br> ADMINISTRATION; and ) <br> ) <br> LT. GENERAL FRANK G. KLOTZ, ) <br> in his official capacity as Administrator of the ) <br> National Nuclear Security Administration and <br> Undersecretary for Nuclear Security; <br> <br> Defendants. | Civil Action No. 1:16-cv-00391-JMC |

## SOUTHERN CAROLINA REGIONAL DEVELOPMENT ALLIANCE'S
## REPLY IN FURTHER SUPPORT OF ITS
## <u>MOTION TO INTERVENE AS PARTY PLAINTIFF</u>

Southern Carolina Regional Development Alliance (the "Alliance") replies in further support of its Motion to Intervene (ECF No. 6) and in response to Defendants' opposition to the Alliance's motion to intervene (ECF No. 21, hereinafter "Defendants' Response") as follows:

1

**1.     The Alliance has demonstrated its sufficient interest in the subject matter of the litigation.**

The Defendants' Response asserts that the Alliance does not have a legally protectable interest in the litigation. However, the Alliance has demonstrated its interest. The Alliance is an adjacent landowner to SRS, and its purpose is economic development (the very sort of economic development Congress found the MOX Facility would provide only when fully realized). The Alliance is also the Lead Organization for the South Carolina Promise Zone, an economically depressed area that includes the counties in which the majority of land comprising SRS is located. *See* Motion to Intervene, ECF No. 6, at pp.3-4; ECF No. 6-2.

The subject statute, 50 U.S.C. § 2566, is silent on who may seek to enforce its provisions. Because there is no limitation in the statute itself, a cause of action extends to plaintiffs whose interests fall within the zone of interests protected by the statute invoked. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388, 188 L. Ed. 2d 392 (2014) ("the zone-of-interests limitation … 'applies unless it is expressly negated' [by the statute]"). As a neighboring landowner, economic development organization, and lead organization for the affected high-poverty area, the Alliance is within the zone of interests of the statute. *See, e.g., Aiken Cty. v. Bodman*, 509 F. Supp. 2d 548, 554 (D.S.C. 2007) ("Aiken County may have made a showing that they, as neighboring landowners to the SRS, are 'arguably' within the 'zone of interests' that the suspension provisions contained in 50 U.S.C. § 2566(b)(4) are designed to protect.").

The Alliance's interests are protectable by the Court, through the grant of the relief sought by the Alliance – specifically, a declaration that Defendants have failed to comply with 50 U.S.C. § 2566 and associated relief requiring compliance with the statute. Because the Alliance is within the zone of interests protected by 50 U.S.C. § 2566, and because these

interests are protectable, the Alliance may bring a lawsuit against Defendants for noncompliance. Requiring the Alliance to bring a separate lawsuit against Defendants, rather than intervening in this existing action, which addresses the same statute and the same Defendants, defies notions of judicial economy and risks inconsistent rulings. The Alliance should therefore be permitted to intervene.

**2.      The Alliance seeks full compliance with 50 U.S.C. § 2566.**

Like the State, the Defendants characterize the relief sought by the Alliance only in terms of the economic and impact assistance payments which, in addition to the removal of defense plutonium, are mandated by 50 U.S.C. § 2566 if Defendants fail to meet the MOX production objective. To be clear, the Alliance seeks *full* compliance by Defendants with all the mandates of 50 U.S.C. § 2566. The Alliance's first prayer for relief seeks a declaration that Defendants have failed to comply with 50 U.S.C. § 2566, and the Alliance's fourth prayer for relief requests this court ensure Defendant's compliance with the statute. *See* Proposed Complaint, ECF No. 6-1 at ¶ 35(a), (d). Thus the Alliance seeks all the declaratory and injunctive relief necessary to ensure Defendants comply with their statutory duties.

The Defendants' statutory mandate to remove defense plutonium from SRS (if the MOX production objective is not met) is commanded by the word "shall," and is separate from and in addition to the mandate for economic and impact assistance payments. Congress did not provide for economic and impact assistance payments as an "adequate alternative" to the removal of defense plutonium, an erroneous position recently advanced by Defendants. *See, e.g.,* Defendant's Motion to Dismiss, ECF No. 17 at 17 (referring to plutonium removal and impact assistance payments as "mutually exclusive alternatives"). Both the removal of plutonium and

the payment of economic and impact assistance until removal is accomplished are mandatory under the statute.

A declaration by this Court that Defendants have not complied with 50 U.S.C. § 2566, as sought by the Alliance, constitutes real relief which should result in the Defendants complying with the statute's mandates. *See, e.g., Poe v. Gerstein*, 417 U.S. 281, 94 S.Ct. 2247, 41 L.Ed.2d 70 (1974) (*per curiam*) ("The district court properly refused to issue the injunction; for there was no allegation here and no proof that respondents would not, nor can we assume that they will not, acquiesce in the decision."); *Doe v. U.S. Air Force*, 812 F.2d 738, 740 (D.C. Cir. 1987) ("[a] court may properly assume that the government would respond to such a declaration" by following the law); *State of Tenn. v. Herrington*, 626 F. Supp. 1345, 1361 (M.D. Tenn. 1986) ("Absent proof or allegation that the Secretary will not abide by the declaratory judgment, the Court may assume that the defendant will proceed in good faith, and in a manner which is consistent with the declaratory judgment without the coercion of an injunction."); *Jones v. D.C. Redevelopment Land Agency*, 499 F.2d 502, 512 (D.C. Cir. 1974) ("[T]he District Court may conclude that a declaration of the agencies' NEPA obligations is sufficient to ensure compliance"). This is particularly true where, as here, the Alliance asks the Court to retain jurisdiction for this very purpose: "to ensure Defendants' compliance with 50 U.S.C. § 2566." *See* Proposed Complaint, ECF No. 6-1 at ¶ 35(d).

At bottom, the relief sought by the Alliance is intended to meet the statute's entire purpose: preventing a buildup of defense plutonium at SRS, providing the economic benefit of the MOX Facility to the community, and ensuring economic and impact assistance is provided if the MOX Facility is not constructed within statutory deadlines until defense plutonium is removed. The relief sought by the Alliance is simply not as narrow as Defendants suggest.

The Defendants' narrow characterization may be based on the Alliance's second and third prayers for relief. *See* Proposed Complaint, ECF No. 6-1 at ¶ 35(b) (seeking an order "[c]ompelling Defendants to make the impact assistance payments mandated by 50 U.S.C. § 2566 until either (a) Defendants have achieved the MOX production objective or (b) Defendant remove one metric ton of defense plutonium or defense plutonium materials from SRS"); *id.* at ¶ 35(c) (seeking an order "[m]aking an equitable determination that Southern Carolina Alliance is an intended and appropriate beneficiary of economic and impact assistance related to the non-realization of the economic benefits of the MOX Facility and non-removal of defense plutonium and defense plutonium materials from SRS and awarding it an equitable portion of any economic and impact assistance payments."). But the Alliance's second and third prayers for relief do not diminish the importance of the Alliance's other prayers for relief. Nor do they preclude the Alliance from seeking, or this Court from ordering, additional injunctive relief such as the removal of defense plutonium from SRS if the Defendants continue disregarding the statute even after the court issues its order. *See* Proposed Complaint, ECF No. 6-1 at ¶ 35(d) (requesting the court retain jurisdiction to ensure compliance with statute); *id.* at (e) (requesting other relief as appropriate). At bottom, the Alliance seeks full compliance by Defendants with 50 U.S.C. § 2566, a statute intended to protect its interests. The Alliance's motion to intervention should be granted.

**3.    The Court should not presume that the Alliance's interests will be advanced by the State.**

The Defendants' Response argues that the Alliance's ability to protect its interests would not be impaired if intervention is denied, because the State of South Carolina (the "State") is a party to this litigation. Defendants are correct that the Alliance must show that its interests may not be adequately represented, however, this burden is minimal. As the Fourth Circuit has noted:

5

> When the party on whose side a movant seeks to intervene is pursuing the same result that the movant is urging, a presumption arises that the movant's interest is adequately represented, so that the movant must show "adversity of interest, collusion, or nonfeasance." *[Commonwealth of Virginia v.] Westinghouse Elec. Corp.*, 542 F.2d at 216. However, the movant need not show that the representation by existing parties will <u>definitely be</u> inadequate in this regard. *See Trbovich v. UMWA*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). Rather, he need only demonstrate "that representation of his interest '<u>may be</u>' inadequate." *Id.* For this reason, the Supreme Court has described the applicant's burden on this matter as "'<u>minimal</u>.'" *Teague [v. Bakker]*, 931 F.2d at 262 (quoting *Trbovich [v. United Mine Workers of America]*, 404 U.S. at 538 n. 10, 92 S.Ct. 630).

*JLS, Inc. v. Pub. Serv. Comm'n of W. Virginia*, 321 F. App'x 286, 289 (4th Cir. 2009) (emphasis added).

The Alliance has overcome its minimal burden to show that its interests are not adequately represented by the State and may be impaired if the Alliance is not permitted to intervene in this action. As discussed in the Alliance's previous reply in support of intervention addressing the State's objection to intervention, *see* ECF No. 19, the Alliance's interests differ from, and may not be represented by, the State. Specifically, the Alliance argued that (a) the State recently settled a nearly identical lawsuit with Defendants without achieving compliance with 50 U.S.C. § 2566; (b) the harm presented by permanent storage of defense plutonium is acutely local in nature rather than uniform throughout the State, and; (c) the Alliance and the State disagree on the interpretation of the required economic and impact assistance payments. *See* ECF No. 19 at 4-9. Because the Alliance has met its burden to show its interests may not be adequately represented by – and in fact differ from – those of the State, intervention should be granted.

**4.      Defendants articulate no prejudice sufficient to preclude permissive intervention.**

Defendants' Response argues that even permissive intervention by the Alliance is improper because intervention "might vastly increase the complexity of this litigation." ECF No. 21 at 5. The Defendants' generalized speculation about potential future developments in the litigation is not related to the Alliance's intervention itself, but rather the mere possibility of intervention of others. This speculation does not constitute meaningful prejudice to Defendants, and should not preclude intervention.

## CONCLUSION

For the reasons set forth above, Southern Carolina Alliance respectfully requests that the Court grant it Intervention of Right, or, in the alternative, Permissive Intervention.

HAYNSWORTH SINKLER BOYD, P.A.


By:   s/S. Ross Shealy
   Robert Y. Knowlton (DSC No. 2380)
   S. Ross Shealy (DSC No. 10733)
1201 Main Street, Suite 2200 (29201)
Post Office Box 11889
Columbia, South Carolina  29211
(803) 799-3080
*Attorneys for Southern Carolina Regional Development Alliance*

May 10, 2016