UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| STATE OF SOUTH CAROLINA,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES;<br><br>UNITED STATES DEPARTMENT OF ENERGY;<br><br>DR. ERNEST MONIZ,<br>in his official capacity as Secretary of Energy;<br><br>NATIONAL NUCLEAR SECURITY ADMINISTRATION; and<br><br>LT. GENERAL FRANK G. KLOTZ,<br>in his official capacity as Administrator of the National Nuclear Security Administration and Undersecretary for Nuclear Security.<br><br>      Defendants. | Case No. 1:16-cv-00391-JMC |

**REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS
ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In its response to Defendants' Motion to Stay Proceedings on Plaintiff's Motion for Summary Judgment, South Carolina fails to demonstrate why this Court should not first resolve the threshold issues raised in Defendants' Motion to Dismiss. Normally, to preserve both the Court's and the litigants' time and resources, jurisdictional and other threshold legal objections are addressed *before* developing and litigating thorny factual

1

and merits issues. *See* Mot. to Stay at 4-6, ECF No. 20 (collecting stay cases); Fed. R. Civ. P. 56 Advisory Committee's note (2010 amendments). South Carolina does not dispute this. It does claim that no additional factual or legal issues would have to be addressed at summary judgment, *see* Response at 3-5 & n.2, but that is clearly not true: Defendants have identified a multitude of such issues, none of which have been briefed yet, *see* Mot. to Stay at 6-8; MTD Reply at 3-4, ECF No. 33.[1]

Rather, in support of its attempt to bypass the ordinary conduct of cases like this one, South Carolina argues for urgency. But both of its reasons for urgency ring hollow. It repeats that "since the Complaint was filed, the Federal Defendants sought to eliminate the MOX Facility and program." Response at 2. Yet South Carolina has not challenged any purported elimination. Nor does any supposed elimination affect any of its claims.

South Carolina's other reason for urgency is that Defendants were "arranging to import more plutonium to South Carolina." *Id.* at 2, 5-6. The Complaint contains no such allegation. The Motion for Summary Judgment offers no explanation. *See* Mot. to Stay at 9 n.2. If this were really a source of urgency, South Carolina presumably would have explained in its Motion for Summary Judgment why it was entitled to relief.

---

[1] South Carolina minimizes the burden on the Court and Defendants of having to adjudicate these new issues. *See* Response at 4 ("file one brief"). This ignores the many tasks involved in litigating a summary judgment motion: investigating factual issues and merits defenses, preparing declarations, briefing factual and merits issues. The Court would have to review three new briefs, the 40 exhibits South Carolina attached to its summary judgment motion, ECF No. 10, any declarations and exhibits Defendants file in support of their opposition, along with a host of additional cases, regulatory documents, and other factual material. The fact that a responding party is limited to "one brief" does not negate any of these burdens on the Court and the parties—all of which may be obviated by the resolution of Defendants' Motion to Dismiss. *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 98 (1998) (describing "two centuries of jurisprudence affirming the necessity of determining jurisdiction before proceeding to the merits").

The Response thus makes clear that there is no urgency here. South Carolina has never asserted any urgency as to its two actual claims: for removal and for money. Accordingly, Defendants respectfully request that the Court stay all proceedings on South Carolina's Motion for Summary Judgment until after the Court has ruled on Defendants' Motion to Dismiss.

Respectfully submitted,

| | |
|---|---|
| BENJAMIN C. MIZER<br>Assistant Attorney General<br>Civil Division | WILLIAM N. NETTLES<br>United States Attorney |
| | By: */s/ Barbara M. Bowens* |
| ERIC WOMACK<br>Assistant Director<br>Federal Programs Branch | BARBARA M. BOWENS (#4004)<br>Assistant United States Attorney<br>1441 Main Street, Suite 500<br>Columbia, South Carolina 29201 |
| RAPHAEL O. GOMEZ<br>(D.C. Bar #305540)<br>Senior Trial Counsel<br>U.S. Department of Justice, Civil Division<br>Federal Programs Branch<br>P.O. Box 883<br>Washington, D.C. 20044<br>Telephone: (202) 514-1318<br>Facsimile: (202) 616-8460<br>raphael.gomez@usdoj.gov | Telephone: (803) 929-3000<br><br>SPENCER E. AMDUR<br>(Pennsylvania Bar #322007)<br>Trial Attorney<br>U.S. Department of Justice, Civil Division<br>Federal Programs Branch<br>P.O. Box 883<br>Washington, D.C. 20044<br>Telephone: (202) 616-7420<br>Facsimile: (202) 616-8460<br>spencer.amdur@usdoj.gov |
| May 25, 2016 | *Attorneys for Defendants* |