**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| State of South Carolina, | ) | Civil Action No. 1:16-cv-00391-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| United States; | ) | **ORDER** |
| | ) | |
| United States Department | ) | |
| Of Energy; | ) | |
| | ) | |
| Dr. Ernest Moniz, *in his official* | ) | |
| *Capacity as Secretary of Energy*; | ) | |
| | ) | |
| National Nuclear Security Administration; | ) | |
| *and* | ) | |
| | ) | |
| Lt. General Frank G. Klotz, *in his official* | ) | |
| *Capacity as Administrator of the National* | ) | |
| *Nuclear Security Administration and* | ) | |
| *Undersecretary for Nuclear Security*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On April 25, 2016, Defendants United States, the United States Department of Energy ("DOE"), Dr. Ernest Moniz, the National Nuclear Security Administration ("NNSA"), and Lieutenant General Frank G. Klotz (collectively "Defendants") filed a motion to dismiss the complaint filed by Plaintiff, the State of South Carolina (the "State"), arguing, among other things, that the third cause of action in the complaint, seeking review of Defendants' alleged failure to act in compliance with 50 U.S.C. § 2566(d), should be dismissed because the court lacked subject-matter jurisdiction over it. (ECF No. 17.) Specifically, Defendants contended that sovereign immunity had not been waived with respect to the third cause of action because the only potential waiver applicable to that cause of action—that found in the Administrative Procedures Act, 5

1

U.S.C. § 701, *et seq.*—is not available where, as here, another court, such as the Court of Federal Claims ("CFC") provides an adequate remedy for the challenged agency action at issue. (*See id.* at 30-34.)

By order entered October 31, 2016, the court agreed with Defendants that the court lacked subject matter jurisdiction over the State's third cause of action because, pursuant to its jurisdiction under the Tucker Act, 28 U.S.C. §§ 1346, 1491, the CFC provides an adequate remedy for the agency action challenged in that cause of action and, therefore, Defendants had not waived sovereign immunity from suit in this court with respect to the complaint's third cause of action. (*See* ECF No. 56.) The court subsequently denied the State's motion for reconsideration of its rulings in the October 31, 2016 order. (*See* ECF No. 75.) Because the court was uncertain whether it should dismiss the third cause of action without prejudice to the State's ability to prosecute it in an original action filed with the CFC or instead should transfer the cause of action to the CFC, pursuant to 28 U.S.C. § 1631, the court directed the parties to file supplemental briefing on the issue and declined to decide Defendants' motion to dismiss the third cause of action until the briefs had been submitted. (*See* ECF No. 56 at 24-31.)

The parties have since filed their supplemental briefs. (ECF Nos. 63, 64.) The parties agree that the court should dismiss the cause of action without prejudice to the State's ability to prosecute it in an original action filed in the CFC rather than transfer it. (*See* ECF Nos. 63, 64.) Accordingly, for the reasons stated in the court's October 31, 2016 order (ECF No. 56), as well as in its order denying the State's motion for reconsideration (ECF No. 75) and in the parties' supplemental briefs, Defendants' motion to dismiss the complaint (ECF No. 17) is hereby **GRANTED IN**

**PART**.[1] The third cause of action in the State's complaint (ECF No. 1 ¶¶ 97-112) is hereby **DISMISSED** without prejudice to the State's ability to prosecute it an original action filed in the Court of Federal Claims.

    **IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Court Judge

February 7, 2017
Columbia, South Carolina

---

[1] The court notes that Defendants' motion to dismiss is not fully disposed by this order. Defendants have moved to dismiss the first and second causes of action in the State's complaint on grounds that the court has yet to address. (*See* ECF No. 17.)

3